Filed 5/17/23  P. v. Mendoza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075768 |
| v. | (Super.Ct.No. FSB03399) |
| JOSE MENDOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Gregory S. Tavill, Judge.  Dismissed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant-Appellant Jose Mendoza filed this appeal from the trial court's denial of his petition for resentencing under Penal Code section 1172.6,[1] which provides relief for some defendants convicted of murder on a felony murder or natural and probable consequences theory.  Neither he nor his counsel have raised any issues on appeal.  We earlier dismissed this appeal as abandoned, and it has been transferred back to us by our Supreme Court following *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  With no briefs filed after a fresh opportunity to raise issues following the transfer, we again dismiss the case as abandoned.

ANALYSIS

Effective at the beginning of 2019, the Legislature enacted Senate Bill No. 1437, which reformed our state's murder law and included section 1172.6 as a means for defendants who could not be convicted of murder under the current law to petition to have their conviction vacated.  Under section 1172.6, defendants can obtain relief if they were "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (§ 1172.6, subd. (a).)  But Senate Bill No. 1437 "does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought."  (*People v. Gentile* (2020) 10 Cal.5th 830, 848.)

---

**1** Unlabeled statutory citations refer to the Penal Code.  Section 1172.6 formerly was codified as Section 1170.95 but we will use the current section number here.

Mendoza was convicted of first-degree murder by a jury in 1994. In an August 13, 1997 opinion, we upheld the conviction on direct appeal. (*People v. Mendoza*, E015601.)

Our opinion laid out facts about the murder, in which a victim was killed while in a car at a gas station parking lot. Mendoza told the driver of the victim's car: "Leave. If not, we are going to shoot at you." The driver then accidentally put the car in drive, rather than reverse, and hit Mendoza's car. Mendoza became angry, and tried to take the driver's keys. Then Mendoza angrily asked his cousin if he had a gun, and, upon an affirmative answer, told his cousin to "[s]moke" the people in the victim's car. The cousin fired several shots at the car, killing the victim.

Our opinion explained that Mendoza's jury was instructed on a theory of directly aiding and abetting a first-degree murder. We explained that the prosecution did not rely on a natural and probable consequences theory: "the existence of an uncharged target offense was not part of the prosecution's theory and no substantial evidence supported it." We explained that the prosecutor argued that Mendoza, with premeditation and deliberation, aided his cousin in the murder.

Mendoza filed his petition under section 1172.6 in 2019. After taking submissions from the parties and determining that neither party wished to submit additional evidence, the trial court denied the petition. The court stated: "the defendant was convicted as a direct aider and abetter [of] first degree murder. That's the only interpretation that the Court can come to based on the record. . . ."

3

On appeal from that denial, Mendoza's counsel filed a no-issue brief under *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende* (1979) 25 Cal.3d 436. We offered Mendoza an opportunity to personally file a supplemental brief. He did not do so. On April 16, 2021, we ordered the case dismissed as abandoned because neither defendant nor his counsel had raised any issues. We noted that "[o]ur opinion in his direct appeal held that he was convicted of directly aiding and abetting the shooter, as that was the only argument made at his trial."

Following a petition for review, our Supreme Court transferred the case back to us to reconsider in light of *Delgadillo*. We then gave the People, Mendoza's counsel, and Mendoza personally, the opportunity to file additional briefing. No additional briefs were filed.

Under *Delgadillo*, if, in a criminal appeal from a post-judgment ruling, no issues are raised by counsel and the defendant does not personally file a supplemental brief, "the Court of Appeal may dismiss the appeal as abandoned [and] does not need to write an opinion. . . ." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) However, if the defendant "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)

Because defendant raised no issues in this appeal, we dismiss the appeal as abandoned. We again note that, according to our opinion on direct appeal, defendant was convicted of murder on a theory of directly aiding and abetting a murder. We issue this

4

disposition with an opinion, rather than an order, to provide an accessible record of a case transferred from our Supreme Court.

## DISPOSITION

We dismiss this appeal as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
    J.

We concur:

RAMIREZ
    P. J.

MENETREZ
    J.